# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY L. VISE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-116-RAW-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Terry L. Vise (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 27, 1962 and was 50 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past in the logging industry. Claimant alleges an inability to work beginning

3

January 4, 2011 due to limitations resulting from headaches, neck and shoulder pain, lower back pain, and numbness in the arms and legs.

## Procedural History

On March 9, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Doug Gabbard, II ("ALJ") by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma on November 6, 2012. The ALJ issued an unfavorable decision on November 29, 2012. On January 31, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of medium work.

4

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to fully and fairly develop the record; (2) making an improper RFC determination; and (3) erroneously finding Claimant could perform jobs at step five and that the grids directed a finding of non-disability.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of lumbar spine degenerative disc disease and cervical spine degenerative disc disease. (Tr. 16). He concluded that Claimant retained the RFC to perform a full range of medium work. (Tr. 18). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of laundry worker and industrial cleaner, both of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 24). Based upon these findings, the ALJ concluded Claimant was not disabled from January 4, 2011 through the date of the decision. Id.

Claimant contends the ALJ erred in sending him to a consultative physician for examination, Dr. Ronald Schatzman, but failed to obtain a medical source statement as a part of Dr. Schatzman's report. Certainly, the regulations generally require

5

that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain a statement from Dr. Schatzman does not constitute reversible error.

Claimant next asserts the ALJ should have sent Claimant out for a consultative psychological evaluation because "Plaintiff's case indicates that he has been suffering from depression." When Claimant appeared before Dr. Schatzman for evaluation, he did not report depression and denied mood swings, delusions, or hallucinations. (Tr. 247). Moreover, a Psychiatric Review Technique was completed by Dr. Kieth McKee on September 14, 2011. While he found Claimant suffered from depression, he did not find the condition represented a severe impairment. (Tr. 262-71). In rating Claimant's functional limitations associated with his mental condition, Dr. McKee found he was only mildly limited in the single

6

area of difficulties in maintaining concentration, persistence, or pace. (Tr. 272).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations

are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision."  20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

This Court does not perceive that any of the factors which might compel the ordering of a consultative examination to be present in this case. No conflict in the medical evidence exists, Claimant's condition does not require the evaluation by highly specialized experts, no change of condition has been suggested, and the need for additional evidence is not indicated. As a result, the ALJ did not err in failing to obtain a mental consultative examiner.

**RFC Determination**

Claimant lists a number of alleged defects in the ALJ's analysis in arriving at an RFC. Claimant first contends the ALJ failed to appropriate weight to the opinion of his treating physician, Dr. William Willis. Dr. Willis provided a Physical RFC Evaluation form concerning Claimant's limitations on October 28, 2011. He determined Claimant could sit for 30 minutes at one time for a total of 2 hours in an 8 hour workday, stand/walk for 10 minutes at one time for a total of 15 minutes in an 8 hour workday, rests at hourly intervals, alternating between sitting and standing every 15 minutes, and lift/carry up to 5 pounds occasionally and 10 pounds rarely. Dr. Willis also found Claimant was limited in his lower extremities due to numbness as well as back and leg pain. He determined Claimant should only rarely push/pull with his upper extremities, occasionally grasp bilaterally, and rarely finger/engage in fine manipulation due to numbness. He found Claimant should never bend, squat, crawl, stoop, crouch, or kneel or balance, climb stairs, ladders or scaffolds and only rarely climb ramps. Dr. Willis determined Claimant was markedly limited in his ability to work in unprotected heights or around dangerous moving machinery or drive/ride in automotive equipment. He found Claimant was moderately limited in his ability to handle vibrating

9

tools. (Tr. 290-92).

The ALJ gave Dr. Willis' opinions on Claimant's functional abilities "little weight" because "they sharply contrast with the objective medical evidence as a whole." (Tr. 22). The ALJ cited as an example of the inconsistency a CT scan of Claimant's cervical spine which revealed only mild degenerative changes. (Tr. 22, 236). He also noted Dr. Schatzman's findings that Claimant had a safe and stable gait with an appropriate speed, normal heel/toe walking, and a normal tandem gait. (Tr. 22, 246-53).

While the ALJ cited to the CT scan showing mild degenerative changes to the mid-cervical spine from February of 2011, he did not note the MRI studies from November of 2011 which indicated disc bulges at L2-L3, L3-L4, L4-L5, and L5-S1. The L3-L4 and L4-L5 bulges showed moderate right and severe left neural foraminal stenosis. (Tr. 279). Dr. Schatzman recognized Claimant's lumbar-sacral spine was tender with limited range of motion associated with pain and muscle spasms. (Tr. 248). The ALJ limited his recitation of Dr. Schatzman's functional findings to ambulation and not any other limitations imposed by the limited range of motion noted by Dr. Schatzman. Dr. Willis' findings were arguably consistent with his treatment records where he found upper extremity weakness and chronic pain. (Tr. 277, 283-85).

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

11

other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's analysis of Dr. Willis' opinion and the bases for rejecting it was legally flawed. The ALJ failed to provide the specific and legitimate reasons for rejection demanded by the prevailing case authority. On remand, the ALJ shall re-evaluate Dr. Willis' opinion and provide a supported basis for his position on the weight afforded this treating physician.

Claimant also challenges the ALJ's credibility analysis. The ALJ determined Claimant was exaggerating his symptoms and limitations caused by his lumbar and cervical spine pain based upon the objective evidence - primarily Dr. Schatzman's findings. He

12

also found Claimant's limitations associated with his activities of daily living "cannot be objectively verified with any reasonable degree of certainty" and, even if verifiable, the degree of limitation is obviated by the other medical evidence. (Tr. 21).

This Court is not certain the extent of verification that this ALJ requires before a limitation is believed - such is the nature of testimony concerning one's activities of daily living. Moreover, this Court has determined that the ALJ did not properly evaluate the opinion of Claimant's treating physician which supports some of Claimant's testimony of limitation as well as the totality of Dr. Schatzman's findings which did not necessarily support a finding of non-disability.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). On remand, the ALJ shall reassess his credibility findings after considering the opinions of Claimant's treating physician and Dr. Schatzman's findings.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 27th day of April, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE